# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH MAYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 3417 |
| v. ) | |
| ) | Judge Amy St. Eve |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court grants Defendants' motion to dismiss with prejudice and dismisses this lawsuit in its entirety. [15]. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

On May 5, 2017, pro se Plaintiff Kenneth Mayle filed a Complaint against Defendants United States of America, the United States Secretary of the Treasury, and other federal government officials for violating the United States Constitution and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1.[1] Also, pro se Plaintiff paid the $400 filing fee on May 5, 2017. Before the Court is Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion with prejudice and dismisses this lawsuit in its entirety.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

---

[1] On July 7, 2017, the parties stipulated to the dismissal of Defendant Congress of the United States of America pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## BACKGROUND

Construing his pro se allegations liberally, *see Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017), Plaintiff challenges the use of the phrase "In God We Trust" on the nation's currency.[2] Plaintiff alleges that he is a non-theistic Satanist and that Satanism rejects the existence of supernatural deities and celebrates, rather than rejects, the material and carnal universe. In his Complaint, Plaintiff alleges that "In God We Trust" is a direct endorsement of a supernatural deity that advocates for the destruction of people who reject the existence of deities. He further states that the nation's money forces him to carry forth a government message proclaiming the existence of "God" and professing "trust' in that God. In particular, he alleges that by using American currency, he is compelled to proselytize for an official government ideology that professes faith in one "God."

In Count I of his Complaint, Plaintiff alleges that "In God We Trust" on the nation's coins and currency violates RFRA. In Count II, he asserts that "In God We Trust" on the nation's coins and currency violates Congress' "enumerated power" limitation. Plaintiff further alleges an Equal Protection Clause claim in Count III and a First Amendment Free Speech Clause claim in Count IV. In Count V, Plaintiff contends that the use of the nation's motto "In God We Trust" on currency violates the First Amendment's Free Exercise Clause.

## ANALYSIS

### I. RFRA and First Amendment Free Exercise Clause Claims – Counts I and V

Under RFRA, the government cannot "substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government can show the rule is in furtherance of a "compelling governmental interest" and is the "least restrictive means" of furthering that governmental interest. *See Burwell v. Hobby Lobby Stores, Inc.,* 134 S.Ct. 2751, 2761 (2014); 42 U.S.C. § 2000bb-1. The Free Exercise Clause states that "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. Const. amend. 1, cl. 1. "The First Amendment, via its Free Exercise Clause, guarantees that government will not impinge on the freedom of individuals to celebrate their faiths, in the day-to-day, or in life's grand moments." *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 856 (7th Cir. 2012).

Pro se Plaintiff is not the first individual who has challenged "In God We Trust" on the nation's coins and currency. In fact, it is well-settled that the nation's motto "In God We Trust" on currency does not violate the Free Exercise Clause or RFRA. *See Newdow v. Peterson*, 753 F.3d 105, 109 (2d Cir. 2014) ("the carrying of currency, which is fungible and not publicly displayed, does not implicate concerns that its bearer will be forced to proclaim a viewpoint contrary to his own"); *Newdow v. Lefevre,* 598 F.3d 638, 645-46 (9th Cir. 2010) ("national motto is of a 'patriotic or ceremonial character,' has no 'theological or ritualistic impact,' and does not constitute 'governmental sponsorship of a religious exercise'") (citation omitted); *see also New*

---

[2] "In God We Trust" is the national motto. *See* 36 U.S.C. § 302.

*Doe Child # 1 v. Cong. of the United States of Am.*, No. 5:16CV59, 2016 WL 6995358, at *2 (N.D. Ohio Nov. 30, 2016) ("Plaintiffs cannot demonstrate that the use of the motto on currency substantially burdens their religious exercise."); *Newdow v. United States,* No. 13 CV 741 HB, 2013 WL 4804165, at *4 (S.D.N.Y. 2013) ("[T]here is no showing of government coercion, penalty, or denial of benefits linked to the use of currency or the endorsement of the motto."); *Newdow v. Cong. of U.S. of Am.,* 435 F. Supp. 2d 1066, 1077 (E.D. Cal. 2006) ("Because the national motto has been held to be secular in nature, there is no proper allegation that the government compelled plaintiff to affirm a repugnant belief in monotheism").

Accordingly, because pro se Plaintiff cannot state a plausible claim under RFRA and the Free Exercise Clause, the Court grants Defendants' motion to dismiss Counts I and V. *See Iqbal,* 556 U.S. at 678 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## II.     Enumerated Power Claim – Count II

Next, in Count II, Plaintiff alleges that Congress lacks the constitutional power to make religious claims such as printing "In God We Trust" on the nation's currency. *See* 31 U.S.C. §§ 5112(d)(1), 5114(b). Contrary to Plaintiff's assertion, in Article I, Section 8, the United States Constitution specifies that Congress, within its enumerated powers, has the power to "coin money," "regulate [its] value," and to "provide for the punishment of counterfeiting." U.S. Const. Article I, Section 8. Congress also has the power to pass any laws "necessary and proper" to achieve those ends that are specifically enumerated. *See* U.S. Const. Article I, Section 8, cl. 18.

Moreover, the Court cannot grant the relief Plaintiff seeks against Congress because the parties have voluntarily dismissed Congress from this lawsuit. In addition, in his response and sur-reply briefs, Plaintiff makes no mention of his enumerated power claim, and thus has abandoned it. *See Steen v. Myers,* 486 F.3d 1017, 1020-21 (7th Cir. 2007) (absence of discussion in briefs amounts to abandonment of claim). The Court therefore grants Defendants' motion to dismiss Count II.

## III.    Equal Protection Claim – Count III

In Count III of his Complaint, pro se Plaintiff alleges an Equal Protection Clause claim stating that by "placing 'In God We Trust' on the money, Defendants are clearly disrespecting Plaintiff's religious views, while supporting the majority's monotheistic religious beliefs." The Equal Protection Clause prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. Am. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1050 (7th Cir. 2017) (citation omitted).

Pro se Plaintiff's Equal Protection Clause Claim necessarily fails because the statutes allowing for the engraving and printing of currency affect all citizens equally – regardless of their religious beliefs. *See Smith v. Severn,* 129 F.3d 419, 429 (7th Cir. 1997) ("An equal protection violation occurs only when different legal standards are arbitrarily applied to similarly situated individuals"); *see, e.g., New Doe Child # 1*, 2016 WL 6995358, at *4. The Court thus grants Defendants' motion to dismiss Count III.

## IV. First Amendment Free Speech Claim – Count IV

Last, pro se Plaintiff alleges a First Amendment Free Speech Clause Claim, namely, that by inscribing the terms "In God We Trust" on the nation's coins and currency bills – with the specific intention of having individuals proselytize that religious message – Defendants have violated his free speech rights. In general, "leading First Amendment precedents have established the principle that freedom of speech prohibits the government from telling people what they must say." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.,* 547 U.S. 47, 61 (2006).

In the context of compelled speech, the Supreme Court, in dicta, rejected Plaintiff's argument approximately forty years ago. *See Wooley v. Maynard,* 430 U.S. 705, 717 n. 15 (1977). To clarify, in *Wooley*, the Supreme Court "held that New Hampshire's compulsory 'Live Free or Die' license plates violated the First Amendment rights of plaintiffs, who were Jehovah's Witnesses, but noted that it did not view the ruling as one that would apply to the country's currency: 'currency, which is passed from hand to hand, differs in significant respects from an automobile, which is readily associated with its operator. Currency is generally carried in a purse or pocket and need not be displayed to the public. The bearer of currency is thus not required to publicly advertise the national motto.'" *Newdow*, 753 F.3d at 109 (quoting *Wooley*, 430 U.S. at 717 n.15). Based on *Wooley,* federal courts have rejected free speech challenges to "In God We Trust" on the nation's currency. *See New Doe Child # 1,* 2016 WL 6995358, at *3 ("Printing the motto on currency is distinguishable from forcing an individual to salute the flag or display a license plate…. No reasonable viewer would think a person handling money does so to spread its religious message."). As such, the Court grants Defendants' motion to dismiss Count IV.

**Dated:** September 29, 2017

**AMY J. ST. EVE**
**United States District Court Judge**

4